# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**CLYDE A. RICHMOND,**
**Claimant Below, Petitioner,**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0149**   (BOR Appeal No. 2051598)
(Claim No. 2007212843)

**CLYDE'S FLOOR COVERING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Clyde Richmond was granted a 14% permanent partial disability award for a left knee injury. We are asked to determine whether he is entitled to an additional 2% permanent partial disability award. We find that Mr. Richmond was fully compensated by the 14% permanent partial disability award, and is therefore not entitled to an additional award. We further find, upon consideration of the standard of review, the briefs, and the record presented, no prejudicial error and no substantial question of law. Accordingly, there is no need for oral argument and a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richmond, an installer, was injured on August 27, 2011, when he fell while exiting the back of his company van. The record before us did not include the compensability decision of the claims administrator or the medical records detailing Mr. Richmond's treatment, but was limited to the reports of the independent medical evaluators. On August 20, 2014, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and prepared a written report dated August 22, 2014. He noted the compensable conditions included sprain of the right shoulder, contusion of the left knee, and lumbar sprain. Mr. Richmond complained of low back, left knee, and right shoulder pain. He told Dr. Mukkamala that he underwent a meniscal repair for the left knee and an arthroscopic rotator cuff repair and excision of the distal clavicle for the right knee. Dr. Mukkamala assessed 8% impairment for the low back based on range of motion, 7% impairment for the right shoulder based on range of motion, and 0% impairment for the left knee for a total of 14% whole person impairment.

1

On September 9, 2014, the claims administrator granted a 14% permanent partial disability award. Yogesh Chand, M.D., performed an independent medical evaluation on June 18, 2015. He diagnosed post-operative rotator cuff repair on the right, sprain of the low back with chronic pain syndrome, and post-operative repair of the left knee. Dr. Chand assessed 8% impairment for the low back, 5% impairment for the right shoulder, and 4% impairment for the left knee for a total of 16% impairment. He opined the left knee rating consisted of 1% impairment for the medial meniscus tear, 4% impairment for lack of range of motion, and 3% impairment for osteoarthritis.

The Office of Judges affirmed the claims administrator's 14% permanent partial disability award on August 3, 2016. It noted that Drs. Mukkamala and Chand agreed Mr. Richmond had 8% impairment for the low back. The disagreement between the two was in connection to the left knee. The Office of Judges found that Dr. Chand ignored his range of motion findings recorded during the examination, which should have yielded 0% impairment. He also used the diagnosis related estimate of impairment for the left knee and combined that with a finding that Mr. Richmond had atrophy of the left lower extremity in order to assess impairment. This method of assessing impairment was not in accordance with West Virginia Code of State Rules § 85-20 (2006). Therefore, the Office of Judges found the report of Dr. Mukkamala to be more credible. The Board of Review affirmed the Office of Judges' Order, on January 23, 2017.

Mr. Richmond, through his attorney John Shumate, argues the evidence of record supports a finding that he is entitled to a 16% permanent partial disability award. Clyde's Floor Covering, through its attorney Lisa Warner Hunter, argues the Office of Judges properly relied on Dr. Mukkamala's opinion in affirming the award of 14% permanent partial disability.

After review, we agree with the Order of the Office of Judges as affirmed by the Board of Review. Dr. Chand assessed the impairment using the diagnosis of a medial meniscus tear, diminished range of motion, and osteoarthritis. According to the West Virginia Code of State Rules § 85-20, range of motion is the preferred method of assessing impairment. Dr. Chand did not follow the proper procedure when assessing impairment. Therefore, the Office of Judges properly relied on the opinion of Dr. Mukkamala. Mr. Richmond is not entitled to an additional award of permanent partial disability.

We find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3